The Honorable Wanda Northcutt State Representative P.O. Box 350 Stuttgart, Arkansas 72160-0350
Dear Representative Northcutt:
This is in response to your request for an opinion on several questions concerning Act 946 of 1993, which is codified in pertinent part at A.C.A. 14-270-103 (Cum. Supp. 1993). This statutory section provides in relevant part that:
 (a) From funds provided by the General Assembly therefor, the Chief Fiscal Officer of the State, with the advice of the Arkansas Rural Development Commission, is authorized to make grants to unincorporated communities and small cities or towns in this state, whenever:
 (1) Representatives of unincorporated communities or small cities or towns in this state develop a written plan for a community, city, or town project and submit the plan, in the case of an unincorporated community, to the quorum court of the county or, in the case of a small city or town, to the governing body of the city or town, for its approval and adoption;
 (2) The members of the community or small city or town presenting the request to the quorum court or the governing body shall have submitted proof that, through donations of citizens of the community, city, or town, one-fourth (1/4) of the cost of the project is available or has been pledged by the citizens' support of the project and that no tax funds are included in the citizens support. The members of the community, or citizens of the city or town, may also pay the county's or city's or town's one-fourth (1/4) share in lieu of the county's or city's or town's defraying one-fourth (1/4) of the cost of the project;
 (3) The quorum court of the county or governing body of the city or town approves and, if the citizens of the community, city, or town do not pay the county's or the city's or town's share, appropriates the funds to defray one-fourth (1/4) of the cost of the project; and
 (4) The facts enumerated in subdivision (a)(1) — (3) of this section are certified to the Chief Fiscal Officer of the State. . . .
Your first question with regard to this statute is "what constitutes the term `representatives' above, or more precisely, can community development corporations and/or other community based and nonprofit organizations apply under this program?" The term "representatives" is not defined in the statutes. Subsection (a)(2) of A.C.A. 14-270-103, however, refers to these representatives as "members of the community or small city or town." It is my opinion that this language is broad enough to encompass community development corporations and/or other community based and nonprofit organizations as long as they can be characterized as "members" of the community, city, or town; that is, they are local organizations.
Your second question inquires (assuming the answer to your first question is "yes"), whether these organizations can apply directly to the state or whether they must go through their respective quorum court or the local governing body, and if they must do the latter, whether they can seek funding approval from the state prior to obtaining local approval. In my opinion these organizations must first obtain the approval of the quorum court or the local governing body before any application is presented to the Chief Fiscal Officer of the state. The statute above clearly outlines the procedure as requiring the approval of the local governing body, and certification of this fact to the Chief Fiscal Officer of the State. It is my opinion similarly, that this local approval must be obtained prior to any funding approval granted at the state level.
Your third question inquires as to what the term "project" encompasses under these statutes, and whether the term can "go beyond construction and fire protection related projects to include economic development or other community development projects." The term "[c]ommunity, city, or town projects" is defined at A.C.A. 14-270-102(1) (Cum. Supp. 1993) as follows:
 `Community, city, or town projects' means, but shall not be limited to, parks, playgrounds, community meeting halls, community cultural facilities, picnic grounds, community recreation facilities, firefighting equipment and facilities, and similar projects to be available to the members of the unincorporated community or citizens of the small city or town in the rural areas of the state for their use, benefit, and enjoyment.
The definition above does not expressly include "economic development projects," and I am unable to opine definitely concerning a particular project without knowing its precise nature. It appears clear, however, that the project must be "available to the members of the community . . . for their use, benefit, and enjoyment."
Your fourth and final question inquires as to the meaning of the term "donations" as used in A.C.A. 14-270-103(a)(2), wherein it states that the representatives must submit proof that "through donations of citizens of the community, city or town, one-fourth (1/4) of the cost of the project is available or has been pledged by the citizens' support of the project. . . ." Your question is whether these donations must be hard cash derived directly from residents of the area, or whether the donations can come from other sources such as non-state grant funds, local businesses, donations from outside the locality, or whether the funds can even be borrowed from banks or other lending institutions. It is my opinion that with the exception of donations from local businesses, none of the funding sources above may be used to supply the one-fourth percent of the costs required to be provided by citizen support. The language of the statute clearly provides that proof must be submitted showing that one-fourth of the cost of the project will be provided by "donations of citizens." This language, in my opinion, would not include non-state grant funds which were not obtained from citizens of the community, any donations from outside the community (i.e., not from citizens), or money "borrowed" from banks or lending institutions. The two former categories are not obtained from "citizens" and the latter category is not a "donation." Local business donations, however, are authorized if in the form of donations and if the businesses are "citizens" of the community (i.e., they are local businesses).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh